IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 AUG 12 PM 2: 14

[signature] Robert M. March
CLERK-ALBUQUERQUE

JUAN PEREZ-RODRIGUEZ,

Petitioner,

vs.                                         CIVIL NO. 03-855 WPJ/DJS

UNITED STATES OF AMERICA,

Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. Petitioner, appearing *pro se* in this petition for relief pursuant to 28 U.S.C. §2241, seeks review of his release date and an order releasing him from imprisonment as of July 27, 2003. The events leading to the instant petition began on November 4, 1997, when Petitioner voluntarily presented himself to the immigration office in Fort Lauderdale, Florida, and admitted that he was an illegal alien who had been convicted of a controlled substance offense. At that time, Petitioner was taken into custody pending administrative removal. Then, on December 11, 1997, the Immigration and Naturalization Service transferred Petitioner to the custody of the United States

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1



Marshall's Office and filed an Immigration Detainer-Notice of Action against him. Petitioner was indicted on December 18, 1997 of one count of illegal entry after removal contrary to 8 U.S.C. §§1326(a) and 1326(b)(2). Petitioner pleaded guilty to that crime on May 12, 1998 and was sentenced to seventy-eight months imprisonment. At that time, Petitioner's presentence confinement credit was calculated to start on November 4, 1997 and his release date was estimated to be July 27, 2003. Petitioner is serving the remainder of his sentence at the Cibola County Correctional Center in New Mexico and, on June 2, 2003, his pre-sentence confinement credit was recalculated to begin on December 11, 1997 and his release date delayed from July 27, 2003 to September 2, 2003.

2. Petitioner contends that his pre-sentence confinement credit should have begun on November 4, 1997, the day he was detained by the INS, and that he has been denied due process by the delay of his release date. 18 U.S.C. §3585(b) requires that a defendant be given credit toward the service of a term of imprisonment for any time spent in "official detention" prior to the date the sentence commences. In United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989), the Court held that "official detention" meant imprisonment in a place of confinement, "not stipulations or conditions imposed on upon a person not subject to full incarceration." In Reno v. Koray, 515 U.S.50, 59 (1995), the Supreme Court held that "official detention" is limited to situations in which a defendant is subject to Bureau of Prisons control. In contrast, detention by the Immigration and Naturalization Service for administrative removal is detention pursuant to a civil process, rather than a criminal proceeding. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984).

3. Petitioner contends that he was held by the INS in anticipation of being charged with reentry after deportation, as the fact of his prior deportation was known at the time he was taken into custody. This fact is unpersuasive, as the decision to charge him with a crime rests with the United States Attorney's Office, rather than the INS. If the United States Attorney had chosen not to

prosecute Petitioner, he could have been removed from the country upon reinstatement of his prior deportation order and he would never have been in custody pursuant to a criminal charge. Rather, he would only have been in detention while subject to the civil deportation hearing.

4. Because Petitioner was not under Bureau of Prisons control and was not subject to "official detention" until December 11, 1997, the calculation of his prison sentence from that date, rather than from the date of November 4, 1997, was proper. Consequently, the recalculation of Petitioner's release date resulted in his proper release date and he has not been deprived of due process by that recalculation.

**RECOMMENDED DISPOSITION:**

That the petition be denied and this matter dismissed with prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE